**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ALL STAR ELITE LLC, a Virginia Limited Liability Company; ALL STAR ELITE RETAIL LLC, a Virginia Limited Liability Company; WATSON APPAREL LLC, a Virginia Limited Liability Company; JEFFERY WATSON, an individual; and DOES 1–10, inclusive,<br><br>Defendants. | Civil Action No. 1:26-cv-04164 (LJL)<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COME NOW Defendants All Star Elite LLC ("All Star Elite"), All Star Elite Retail LLC ("All Star Elite Retail"), Watson Apparel Co., LLC (incorrectly named in the Complaint as "Watson Apparel LLC") ("Watson Apparel"), and Jeffery Watson ("Mr. Watson") (collectively, "Defendants"), by and through undersigned counsel, and, for their Answer to Plaintiff's Complaint (Doc. 1), state as follows. Any allegation of the Complaint not expressly admitted below is denied. Defendants respond to the unnumbered introductory paragraph of the Complaint by admitting that Plaintiff purports to bring the claims described therein and denying that any such claim has merit or that Plaintiff is entitled to any relief.

**JURISDICTION AND VENUE**

1. Paragraph 1 characterizes Plaintiff's action and states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Complaint

purports to assert claims under the Lanham Act, 15 U.S.C. § 1051 et seq., and the common law of the State of New York, but deny that any such claim has merit and deny that Defendants have infringed any trademark or engaged in false designation of origin or unfair competition.

2. Paragraph 2 states legal conclusions to which no response is required. Defendants do not contest the Court's subject-matter jurisdiction. Any remaining allegations of Paragraph 2 are denied.

3. Paragraph 3 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 3, including specifically that Defendants directed any accused product to residents of New York or caused any injury to Plaintiff within the State of New York.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny that a substantial part of the events or omissions giving rise to any claim occurred in this District and deny the remaining allegations of Paragraph 4.

**THE PARTIES**

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5 of the Complaint, which are therefore denied.

6. Defendants admit that All Star Elite LLC is a limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business at 100 Landmark Square, Virginia Beach, Virginia 23452. Except as expressly admitted, Defendants deny the allegations of Paragraph 6.

7. Defendants admit that All Star Elite Retail LLC is a limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business at

100 Landmark Square, Virginia Beach, Virginia 23452. Except as expressly admitted, Defendants deny the allegations of Paragraph 7.

8. Defendants state that no entity named "Watson Apparel LLC" is known to Defendants; the correct name of the entity is Watson Apparel Co., LLC. Defendants admit that Watson Apparel Co., LLC is a limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business at 100 Landmark Square, Virginia Beach, Virginia 23452. Except as expressly admitted, Defendants deny the allegations of Paragraph 8.

9. Defendants admit that Mr. Watson is an adult resident of the Commonwealth of Virginia. Defendants deny the remaining allegations of Paragraph 9, including specifically that Mr. Watson is "an active, moving, conscious force behind the alleged infringement."

10. Paragraph 10 concerns fictitious DOE defendants and states legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the identities of DOES 1–10, and deny the remaining allegations of Paragraph 10, including specifically any allegation of agency, employment, or concerted action among Defendants.

11. Defendants deny the allegations of Paragraph 11 of the Complaint, including specifically that any Defendant ratified or encouraged any wrongful act or failed to perform any duty.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12 of the Complaint, which are therefore denied.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13 of the Complaint, which are therefore denied.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14 of the Complaint, which are therefore denied.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15 of the Complaint, which are therefore denied.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 of the Complaint, which are therefore denied.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17 of the Complaint, which are therefore denied.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 of the Complaint, which are therefore denied.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 of the Complaint, which are therefore denied.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20 of the Complaint, which are therefore denied.

21. Defendants admit that records of the United States Patent and Trademark Office reflect the trademark registrations identified in Paragraph 21, and state that those registrations are documents that speak for themselves. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 21, including Plaintiff's ownership of and rights in the alleged marks, which are therefore denied.

22. Defendants admit that Exhibits A–L to the Complaint purport to be copies of the trademark registrations identified in Paragraph 21, which documents speak for themselves. Except as expressly admitted, Defendants deny the allegations of Paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23 of the Complaint, which are therefore denied.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24 of the Complaint, which are therefore denied.

25. Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the status and maintenance of the registrations, deny that the Chrome Hearts Marks are famous, and deny the remaining allegations of Paragraph 25.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26 of the Complaint, which are therefore denied.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27 of the Complaint, which are therefore denied.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28 of the Complaint, which are therefore denied.

29. Defendants deny that they copied any Chrome Hearts Mark, with or without authorization. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 29, including the number of lawsuits Plaintiff has filed, which are therefore denied.

30. Defendants deny the allegations of Paragraph 30 of the Complaint. The images embedded in Paragraph 30 speak for themselves. Defendants specifically deny that they have

manufactured, produced, marketed, distributed, advertised, offered for sale, or sold any product bearing a mark identical to, substantially indistinguishable from, or confusingly similar to any Chrome Hearts Mark.

31. Defendants admit that clothing and accessory products are sold at retail through "All Star Elite" stores. Defendants deny that they have promoted, marketed, advertised, offered for sale, or sold any product that infringes any Chrome Hearts Mark, and deny the remaining allegations of Paragraph 31.

32. Defendants admit that clothing and accessory products are promoted and sold through the website www.allstarelite.com, the Instagram account @shopallstarelite, and an All Star Elite Facebook page. Defendants deny that they have promoted, marketed, advertised, offered for sale, or sold any product that infringes any Chrome Hearts Mark, and deny the remaining allegations of Paragraph 32.

33. Defendants deny the allegations of Paragraph 33 of the Complaint, including specifically that Defendants have concealed or attempted to conceal the nature or extent of any conduct.

34. Defendants deny the allegations of Paragraph 34 of the Complaint, including specifically that Defendants have falsely suggested to consumers any association, collaboration, or authorization involving Chrome Hearts.

35. Defendants admit that Plaintiff's counsel sent a letter in January 2026 concerning Plaintiff's allegations. Defendants deny the remaining allegations and characterizations of Paragraph 35, including that any obligation to respond existed, that any inference of wrongdoing may be drawn from any non-response, and that Defendants sold any infringing product.

36. Defendants admit that Chrome Hearts has not granted Defendants a license to use the Chrome Hearts Marks. Defendants deny that they have used the Chrome Hearts Marks, deny that any permission from Chrome Hearts was required for Defendants' lawful activities, and deny the remaining allegations of Paragraph 36.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Defendants deny the allegations of Paragraph 40 of the Complaint.

**FIRST CAUSE OF ACTION**

**(Trademark Infringement and Counterfeiting Under the Lanham Act, 15 U.S.C. § 1114)**

41. In response to Paragraph 41, Defendants adopt and incorporate their responses to all preceding paragraphs as if fully set forth herein.

42. Defendants deny the allegations of Paragraph 42 of the Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Complaint.

44. Defendants deny the allegations of Paragraph 44 of the Complaint.

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Complaint.

47. Defendants deny the allegations of Paragraph 47 of the Complaint.

48. Defendants deny the allegations of Paragraph 48 of the Complaint.

49. Defendants deny the allegations of Paragraph 49 of the Complaint and deny that Plaintiff is entitled to injunctive relief, damages, profits, treble damages, statutory damages, attorneys' fees, costs, or any other relief whatsoever.

50. Defendants deny the allegations of Paragraph 50 of the Complaint and deny that Plaintiff is entitled to injunctive relief, damages, profits, treble damages, statutory damages, attorneys' fees, costs, or any other relief whatsoever.

**SECOND CAUSE OF ACTION**

**(False Designation of Origin and False Descriptions – 15 U.S.C. § 1125(a))**

51. In response to Paragraph 51, Defendants adopt and incorporate their responses to all preceding paragraphs as if fully set forth herein.

52. Defendants deny the allegations of Paragraph 52 of the Complaint.

53. Defendants deny the allegations of Paragraph 53 of the Complaint.

54. Defendants deny the allegations of Paragraph 54 of the Complaint.

55. Defendants deny the allegations of Paragraph 55 of the Complaint.

56. Defendants deny the allegations of Paragraph 56 of the Complaint.

57. Defendants deny the allegations of Paragraph 57 of the Complaint and deny that Plaintiff is entitled to injunctive relief, damages, profits, attorneys' fees, costs, or any other relief whatsoever.

**THIRD CAUSE OF ACTION**

**(Unfair Competition Under New York Common Law)**

58. In response to Paragraph 58, Defendants adopt and incorporate their responses to all preceding paragraphs as if fully set forth herein.

59. Defendants deny the allegations of Paragraph 59 of the Complaint.

60. Defendants deny the allegations of Paragraph 60 of the Complaint.

61. Defendants deny the allegations of Paragraph 61 of the Complaint.

62. Defendants deny the allegations of Paragraph 62 of the Complaint.

63. Defendants deny the allegations of Paragraph 63 of the Complaint.

64. Defendants deny the allegations of Paragraph 64 of the Complaint.

65. Defendants deny the allegations of Paragraph 65 of the Complaint and deny that Plaintiff is entitled to injunctive relief, damages, profits, punitive or exemplary damages, attorneys' fees, costs, or any other relief whatsoever.

**FOURTH CAUSE OF ACTION**

**(Trademark Infringement Under New York Common Law)**

66. In response to Paragraph 66, Defendants adopt and incorporate their responses to all preceding paragraphs as if fully set forth herein.

67. Defendants deny the allegations of Paragraph 67 of the Complaint.

68. Defendants deny the allegations of Paragraph 68 of the Complaint.

69. Defendants deny the allegations of Paragraph 69 of the Complaint.

70. Defendants deny the allegations of Paragraph 70 of the Complaint.

71. Defendants deny the allegations of Paragraph 71 of the Complaint.

72. Defendants deny the allegations of Paragraph 72 of the Complaint.

73. Defendants deny the allegations of Paragraph 73 of the Complaint.

74. Defendants deny the allegations of Paragraph 74 of the Complaint and deny that Plaintiff is entitled to injunctive relief, damages, profits, punitive or exemplary damages, attorneys' fees, costs, or any other relief whatsoever.

**RESPONSE TO PRAYER FOR RELIEF**

In response to the unnumbered "PRAYER FOR RELIEF" and each of its subparts, including Paragraphs 1 through 11 thereof, Defendants deny that Plaintiff is entitled to judgment, temporary, preliminary, or permanent injunctive relief, recall or destruction of any product, disclosure of suppliers, an accounting, actual damages, profits, enhanced or treble damages,

statutory damages, punitive damages, interest, attorneys' fees, costs, or any other relief whatsoever.

**RESPONSE TO JURY DEMAND**

Plaintiff's demand for a trial by jury does not state an allegation and requires no response.

**GENERAL DENIAL**

Defendants deny each and every allegation of the Complaint, including all headings, footnotes, images, and unnumbered paragraphs, that is not expressly and specifically admitted in this Answer.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Defendants assert the following affirmative and other defenses:

**FIRST DEFENSE**

The Complaint, and each cause of action thereof, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims fail because there is no likelihood of confusion, mistake, or deception as to the source, origin, sponsorship, affiliation, or approval of the accused products.

**THIRD DEFENSE**

Plaintiff's counterfeiting claim under 15 U.S.C. § 1114 fails because no mark used by any Defendant is identical to, or substantially indistinguishable from, any registered Chrome Hearts

Mark as used on or in connection with the goods covered by the applicable registration, and the remedies of 15 U.S.C. §§ 1116(d) and 1117(b)–(c) are therefore unavailable.

**FOURTH DEFENSE**

Any rights conferred by the registrations identified in the Complaint are limited to the specific marks shown in those registrations as applied to the goods identified therein, and do not extend to heart imagery, cross imagery, fleur-de-lis imagery, gothic or blackletter lettering styles, or the word "chrome," standing alone or generally.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use, including descriptive fair use under 15 U.S.C. § 1115(b)(4), to the extent any accused term or design was used otherwise than as a mark, descriptively, and in good faith.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the first-sale and exhaustion doctrines to the extent any accused product is a genuine product first sold by or with the authorization of Plaintiff.

**SEVENTH DEFENSE**

Defendants' conduct was at all times undertaken in good faith and without willfulness, knowledge, or intent to infringe, counterfeit, or deceive; accordingly, Plaintiff is not entitled to enhanced or treble damages, statutory damages predicated on willfulness, or attorneys' fees, and this is not an "exceptional case" within the meaning of 15 U.S.C. § 1117(a).

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or acquiescence.

**NINTH DEFENSE**

Mr. Watson is not personally liable for any act or omission of All Star Elite LLC, All Star Elite Retail LLC, or Watson Apparel Co., LLC. A member of a limited liability company is not liable for the company's debts, obligations, or liabilities solely by reason of being or acting as a member. Va. Code § 13.1-1019. Mr. Watson is not the alter ego of any entity Defendant and did not actively and knowingly cause any alleged infringement.

**TENTH DEFENSE**

Plaintiff has suffered no irreparable harm and has an adequate remedy at law, and injunctive relief is therefore unavailable.

**ELEVENTH DEFENSE**

Plaintiff's alleged damages, if any, are speculative, and Plaintiff has failed to mitigate its alleged damages.

**TWELFTH DEFENSE**

Plaintiff's claims for punitive or exemplary damages are barred or limited by applicable law, including the standards governing punitive damages under New York law and the Due Process Clause of the United States Constitution.

**THIRTEENTH DEFENSE**

Any award of profits or damages must be apportioned and limited to profits or damages, if any, attributable to the allegedly infringing conduct of the specific Defendant against whom the award is entered.

**RESERVATION OF DEFENSES**

Defendants reserve the right to assert any additional defenses, at law or in equity, that may become available or apparent through discovery or otherwise, to the fullest extent permitted by the Federal Rules of Civil Procedure.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff on all causes of action of the Complaint, dismiss the Complaint with prejudice, deny all relief requested by Plaintiff, award Defendants their costs and, to the extent permitted by law, their reasonable attorneys' fees, and grant such other and further relief as the Court deems just and proper.

Dated: July 20, 2026

Attorney for Defendants

Edward P. Ryan (ER3612)
Douglas Bridges (*pro hac vice* request forthcoming)
AdamsIP, LLC
453 Dauphin Street
Mobile, Alabama 36602
ed@adamsiplaw.com
doug@adamsiplaw.com
Phone: (251) 289-978

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of July, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including: Brent H. Blakely, BLAKELY LAW GROUP, 1108 Manhattan Ave, Unit B, Manhattan Beach, CA 90266, Attorneys for Plaintiff Chrome Hearts LLC.

Attorney for Defendants

Edward P. Ryan (ER3612)
Douglas Bridges (*pro hac vice* request forthcoming)
AdamsIP, LLC
453 Dauphin Street
Mobile, Alabama 36602
ed@adamsiplaw.com
doug@adamsiplaw.com
Phone: (251) 289-978