BLAKELY Law Group
1108 MANHATTAN AVENUE, UNIT B, MANHATTAN BEACH, CALIFORNIA 90266
WWW.BLAKELYLAWGROUP.COM T 310-546-7400 F 310-546-7401

November 10, 2026

***VIA ECF***
Hon. Lewis J. Liman
U.S.D.J.

**Re:** **Plaintiff's Motion to Compel**
*Chrome Hearts LLC v. All Star Elite LLC, et al.*
Case No. 1:26-cv-04164-LJL

Dear Hon. Liman,

Plaintiff Chrome Hearts LLC ("Plaintiff" or "Chrome Hearts") respectfully submits this Motion to Compel defendants All Star Elite LLC, All Star Elite Retail LLC, Watson Apparel Co., LLC, and Jeffery Watson's (collectively, "Defendants") further responses and documents to Plaintiff's Interrogatories and Requests for Production.

## I. Background

This lawsuit arises from Defendants' offer for sale and/or sale of clothing products bearing marks identical, substantially indistinguishable, or confusingly similar to one or more of Chrome Hearts' federally registered trademarks (the "Accused Products"). ECF No. 1, ¶¶ 21, 30. Defendants offer for sale the Accused Products on their website and through numerous "All Star Elite" retail stores throughout the United States. Through pre-suit investigations, Chrome Hearts identified a number of Accused Products found online and at a few of Defendants' retail stores. Defendant Jeffery Watson is the owner of all company defendants and has a team of designers responsible for developing the Accused Products.

Defendants served their responses to the written discovery at issue late September 2026. On October 12, 2026, Plaintiff served Defendants with a meet and confer letter identifying deficiencies in their responses, including the failure to produce a single document. *See* **Exh. A.** On October 15, 2026, pursuant to FRCP 37(a)(1), SDNY Local Rule 37.2, and this Court's Individual Practices, the Parties held a meet and confer conference to discuss the issues raised in the letter. Defendants agreed to supplement a majority of the discovery at issue, including beginning a rolling production on October 23 and ending on October 30 so that Plaintiff could sufficiently prepare for Defendants' depositions, set for November 3.

On October 22, Plaintiff followed up with Defendants to ensure the production would be timely made and Defendants did not acknowledge same. With nothing produced on October 23, on October 27, Plaintiff followed up again regarding a status update as to the supplemental discovery and asked to reschedule Defendants' depositions. With nothing produced by October 30 as also requested, on November 2, Plaintiff followed up a third time on the outstanding discovery and requested a response by close of business as to alternate deposition dates. Defendants responded belatedly indicating their consent to the protective order Plaintiff sent weeks prior, and also confirmed that November 17 worked for Defendants' depositions. Defendants indicated they were putting together documents with no end date for the production. Plaintiff thus requested production by November 9.

To date, no documents nor supplemental discovery responses have been produced.[1] Defendants have also failed to respond to the revised protective order sent on November 5 in response to the Court's Order at ECF No. 24. Time is of the essence as the deadline to conduct depositions is November 19 and the fact discovery cut-off is December 17. ECF No. 20.

## II. Discovery at Issue

### A. Discovery Defendants Agreed to Provide Has Not Been Produced.

Defendants agreed in their written responses to produce documents in response to Plaintiff's Rule 34 Requests. Either in those responses or at the October 15 conference, Defendants also agreed to provide the following, each of which goes directly to a claim or remedy in this action:

- discovery on the shorts product Plaintiff identified as an Accused Product, and the identification of other products with marks similar to the Chrome Hearts Marks[2] – this defines the scope of the infringement and is relevant to the calculation of damages under 15 U.S.C. § 1117;
- sales and cost information for the Accused Products and other products bearing the Chrome Hearts Marks – these establish Defendants' profits under 15 U.S.C. § 1117(a) and whether Defendants kept selling after notice of Plaintiff's claims, which bears on willfulness;
- identities of key witnesses and potential defendants related to the alleged infringement, including the vendor, designers, and manufacturer of the Accused Products and products bearing the Chrome Hearts Marks, and persons with prior knowledge of the Chrome Hearts Marks;
- design files and artwork for the Accused Products, the products' conception date, and messaging-app ESI where communications with the vendor and design team would reside – these show how the designs were created and whether Defendants copied the Chrome Hearts Marks with knowledge of them, the core of intent and willfulness, which impacts damages. The conception date also sets the relevant time period;
- inventory by SKU and storage locations – these are needed to determine where infringing goods remain for the recall and destruction relief sought (15 U.S.C. § 1118; ECF No. 1, Prayer ¶ 2);
- documents related to prior copyright, design patent, trademark, and trade dress claims – these bear on Defendants' notice and any pattern of copying others' designs, and thus on willfulness.

---

[1] Notably, Defendants also failed to produce responses to Plaintiff's second set of discovery by the November 5 deadline; nothing has been produced and Plaintiff will initiate a separate meet and confer.

[2] This category is particularly important given Plaintiff cannot be reasonably expected to visit every single retail store owned by Defendants to investigate additional infringing products. *See Cullman Ventures, Inc. v. Columbian Art Works, Inc.,* 717 F.Supp. 96, 126-127 (S.D.N.Y. 1989) (a trademark owner is not "required to constantly monitor every nook and cranny of the entire nation and to fire both barrels of its shotgun instantly upon spotting a possible infringer.") (abrogated on other grounds). The Parties agreed that once Defendants make an identification of products bearing similar marks and designs, Plaintiff would then identify which of those products it alleges to be infringing. Exh. A.

- Defendants also agreed to serve verifications, which Rule 33(b)(3) and (5) require.

Defendants' only stated reason for withholding production was the absence of a protective order. One has now been agreed to and entered, and Plaintiff circulated a revised version upon the Court's recent Order denying the Stipulation without prejudice. Defendants have yet to respond and are unnecessarily holding up production. In any event, an unexplained insistence on a protective order is no basis to withhold production to every single Rule 34 Request. *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 479 (S.D.N.Y. 2009) (rejecting claim that a protective order was "necessary" before production where defendant failed "even to offer an explanation as to why that is so"). Production must be made within "a reasonable time specified in the response," Fed. R. Civ. P. 34(b)(2)(B), yet Defendants have missed the October 23 and October 30 dates they agreed to, and further November 9 date Plaintiff requested.

**B. Unresolved Categories.**

*Sales channels.* Defendants have not identified whether they will supplement responses requesting where the products at issue are or have been offered for sale. Defendants' responses identify All Star Elite retail stores without identifying their addresses. The full scope of Defendants' distribution bears directly on Defendants' profits, the parties' overlapping channels of trade, jurisdiction, and the scope of any injunction.

*Defendants' Net Worth.* Defendants maintain their refusal to provide any financial information, such as profit and loss statements, asset reports, and balance sheets. Yet Defendants expressly reserve the right to deduct overhead and other costs under Section 1117(a). They cannot claim enterprise-level deductions while withholding the enterprise-level records needed to test them. The information is also relevant to Plaintiff's pleaded claim for punitive damages (ECF No. 1 ¶¶ 64, 73), which are available on a New York unfair competition claim arising from trademark infringement. *Getty Petroleum Corp. v. Island Transp. Corp.*, 878 F.2d 650, 657 (2d Cir. 1989); *Acosta v. Neurological Care P.C.,* 2018 WL 11449655 at *2 (E.D.N.Y. Feb. 28, 2018) (defendant's "financial information is discoverable before a finding of liability giving rise to punitive damages"; *Hazeldine v. Beverage Media, Ltd.*, 1997 WL 362229 at *3 (S.D.N.Y. June 27, 1997) (finding that pre-trial financial discovery is more efficient than waiting until trial). Plaintiff has limited these requests to the past three years, and confidentiality is addressed by the protective order.

## III. <u>Relief Requested</u>

Plaintiff respectfully requests that the Court order Defendants to produce the above outstanding discovery and documents within five (5) business days of any Order or Conference on this Motion. Given the November 19 deposition completion deadline and the lack of documents, Plaintiff respectfully requests that this Court permit Defendants' depositions to be reopened after any production is ordered so that Plaintiff can question Defendants about those documents. Plaintiff also requests that the deposition completion deadline be extended to 14 days after Defendants complete their production. Plaintiff is otherwise prepared to proceed on November 17. Plaintiff also requests its reasonable expenses, including attorneys' fees, incurred in making this motion. Fed. R. Civ. P. 37(a)(5)(A).

Respectfully Submitted,

/s/ *Tara A. Currie*
Tara A. Currie (*pro hac vice*)
*Attorneys for Plaintiff*
*Chrome Hearts LLC*

Having received no timely response, Plaintiff's letter motion to compel is GRANTED. Defendants are directed to produce within five (5) business days of this Order discovery responsive to the categories set forth in Section II.A. Defendants are also directed to provide the identity and addresses for All Star Elite retail stores where the products at issue are or have been offered for sale as well as the requested financial information. The deposition completion deadline is extended to 14 days after Defendants complete their production, or no later than December 11, 2026. Plaintiff is further permitted to reopen Defendants' depositions after November 17, 2026 so that Plaintiff may question Defendants about said documents. Plaintiff shall submit a fee request within five days of this Order. Defendants have five days to respond.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

November 16, 2026